IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES NICHOLSON                                                                                     PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 2:07-cv-163-KS-MTP

UNKNOWN ENGLIES AND
CINDY BEST                                                                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

     Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on August 13, 2007.  On August 14, 2007 two orders were entered in this action.  One order directed Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within thirty days.  The other order directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days.  Plaintiff has failed to comply with both of the orders.  Plaintiff was warned in these Court orders that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint.

     On November 14, 2007, an order was entered directing Plaintiff to show cause, on or before November 23, 2007, why this case should not be dismissed for his failure to timely comply with the Court's August 14, 2007 orders.  In addition, Plaintiff was directed to comply with the August 14, 2007 orders by filing the required documentation, on or before November 23, 2007.  The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Plaintiff did not comply with the Court's order.

     Plaintiff has failed to comply with three Court orders.  This Court has the authority to

dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

    The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

    A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    SO ORDERED, this the 10th day of January, 2008.

                                              *s/ Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE